O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM DESERT NATIONAL BANK, a National Banking Association,<br><br>          Plaintiff,<br><br>     v.<br><br>MONEY MARKETING, INC., a New Jersey Corporation,<br><br>          Defendant. | Case No. EDCV 06-1214-VAP (JCRx)<br><br>**[Motion filed on April 1, 2008]**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |

The Court has received and considered all papers filed in support of, and in opposition to, Plaintiff Palm Desert National Bank's Motion for Award of Attorneys' Fees and Expenses.  The Motion is appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons set forth below, the Court GRANTS the Motion in part and DENIES it in part.

///

///

## I. BACKGROUND

The Court issued its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 on March 18, 2008, finding Plaintiff Palm Desert National Bank ("PDNB") was entitled to entry of judgment in its favor in the amount of $2,185,160.76, on the claims in its Complaint for breach of contract and express indemnity.  Specifically, the Court found that Defendant Money Marketing, Inc. ("MMI") had breached the Sponsorship Agreement the parties had entered into, which contained, inter alia, a provision entitling the prevailing party in litigation to enforce the Agreement to an award of its attorneys' fees.  [Trial Ex. 26, § 6.17.]

Plaintiff filed a Motion for Award of Attorneys' Fees and Expenses ("Motion" or "Mot.") on April 1, 2008, along with the Declaration of Yi-Chin Ho ("Ho Decl.").  Defendant filed Opposition on April 14, 2008.  Plaintiff filed a Reply and the Supplemental Declaration of Yi-Chin Ho ("Supp. Ho Decl.") on April 21, 2008.

## II. LEGAL STANDARD

In a diversity case, state law governs the right to attorneys' fees and the method for calculating such fees. Mangold v. California Public Utilities Commission, 67

///

F.3d 1470, 1478 (9th Cir. 1995). California Civil Code section 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civil Code § 1717(a) ["section 1717(a)"].

Attorneys' fees awarded under section 1717(a) are calculated using the lodestar method. PLCM Group v. Drexler, 22 Cal.4th 1084, 1095 (2000). To calculate the amount of attorneys' fees under the lodestar method, a court must calculate "the number of hours reasonably expended multiplied by a reasonable hourly rate." PLCM Group, 22 Cal.4th at 1095. The California Supreme Court has found "a careful compilation of the time spent" to be "[f]undamental to the court's determination" of an attorneys' fees award. Serrano v. Priest, 20 Cal. 3d 25, 48 (1977). To determine a reasonable rate for each

1  attorney, the Court must look to the rate prevailing in
2  the community for similar work performed by attorneys of
3  comparable skill, experience, and reputation.  <u>PLCM</u>
4  <u>Group</u>, 22 Cal. 4th at 1095.  There is a presumption that
5  the lodestar figure represents a reasonable fee.  <u>Id.</u> at
6  1095-96.

8      "The lodestar figure may then be adjusted, based on
9  consideration of factors specific to the case, in order
10 to fix the fee at the fair market value for the legal
11 services provided."  <u>Id.</u> at 1096 (citing <u>Serrano</u>, 20 Cal.
12 3d at 49).  The factors that may give rise to an
13 adjustment in the lodestar figure include "the nature of
14 the litigation, its difficulty, the amount involved, the
15 skill required in its handling, the skill employed, the
16 attention given, the success or failure, and other
17 circumstances in the case."  <u>Id.</u> (citing <u>Melnyk v.</u>
18 <u>Robledo</u>, 64 Cal. App. 3d 618, 623-24 (1976)).  The award
19 of attorneys' fees under section 1717(a) is "governed by
20 equitable principles," <u>Beverly Hills Properties v.</u>
21 <u>Marcolino</u>, 221 Cal. App. 3d Supp. 7, 12 (1990), and the
22 trial court has "wide latitude in determining the amount
23 of an award."  <u>Montgomery v. Bio-Med Specialties, Inc.</u>,
24 183 Cal. App. 3d 1292, 1297 (1986).
25 ///
26 ///
27 ///
28

## III. DISCUSSION

**A.   Attorneys' Fees**

Plaintiff here moves for $1,451,276.00 in attorneys' fees, a sum its counsel describes as the "lodestar."[1] [Ho Decl. at 5.] It claims an upward adjustment of the lodestar is justified in this case, [id.] but neither seeks one nor explains this boast. There certainly is nothing in the record here which would lead the Court to find that this was an "extraordinary" case where the attorneys faced an "exceptional risk" of not prevailing or recovering any fees. Cf. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1212 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (stating that an enhanced award is justified only in "exceptional circumstances" or in the "extraordinary" case). Rather, it was a straightforward piece of business litigation, tried to the court in two days, without complicated facts or novel legal issues. Plaintiff's lawyers assigned six attorneys and two paralegals to prosecute this straightforward case, and

---

[1] In a supplemental declaration submitted with Plaintiff's Reply, Plaintiff's counsel requested an additional $26,725.00 in "fees and costs for the preparation of the Motion, the Bill of Costs, reviewing and researching MMI's Opposition, and the preparation of this Reply, and for work on other post-judgment matters." [Supp. Ho Decl. ¶ 6.] Counsel's statement does not identify the billing professionals who conducted the work for which this additional amount is sought, nor does it specify the basis for its request for additional "costs." [Id.] The Court therefore denies this additional request based on the absence of sufficient supporting detail to determine its reasonableness.

seek fees representing an amount equal to 66.4 per cent of the $2,185,160.76 awarded in the Court's Findings of Fact and Conclusions of Law.

In support of its fee request, Plaintiff has submitted the declaration of one of its attorneys, who summarized for each month the hours spent, tasks performed, and amounts charged. [See Ho Decl. ¶¶ 27-41.] The moving party also submitted evidence regarding rates charged by attorneys of allegedly comparable skill, reputation, and experience.  [Ho Decl. ¶ 43 & Exs. D, E.]

**1.  Reasonable hourly rates**

The Court has reviewed the declaration of Yi-Chin Ho, a partner at the law firm representing Plaintiff and "lead trial counsel" in this matter, [Ho Decl. ¶ 16], and considered the information submitted regarding the experience and expertise of each of the billing professionals whose work is included in the fee application.  The Court has also considered the information submitted regarding billing rates charged by other lawyers and law firms who were not involved in this case but who Plaintiff's counsel consider "comparable" in terms of skill and expertise.  [Ho Decl. ¶ 43 & Exs. D, E.]  Considering the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation, as well as the Court's own

observation of the quality of the work performed in this case, the Court finds a reasonable hourly rate charged by each of Plaintiff's lawyers and paralegals is the following: $400.00 for Kathrin Wanner, $350.00 for Yi-Chin Ho, $400.00 for Stephen Neal, $275.00 for Michael White, $300.00 for Erin Witkow, $250.00 for Diana Kwok, $170.00 for Sheryl Marshall and $110.00 for Oscar Velasquez.

**2. Number of hours expended**

The Court has reviewed and analyzed the tasks described in every monthly billing summary submitted by Plaintiff in support of its fee request.[2] [See Ho Decl. ¶¶ 27-41.] After doing so, the Court finds it appropriate to reduce the number of hours for which Plaintiff seeks to recover attorneys' fees. Specifically, the Court reduces fees sought for the following:

---

[2] Though an attorney's declaration concerning the time spent on a particular case has been found sufficient to support a fee request under California law, Martino v. Denevi, 182 Cal. App. 3d 553, 559 (1986), prudent practice counsels the submission of detailed, contemporaneous time records. See William E. Wegner et al., Civil Trials and Evidence, § 17:171 (Rutter Group 2007) (noting that "[d]ocumentary evidence is likely to carry far greater weight than counsel's oral statements in support of fee claims"); PLCM Group, 22 Cal. 4th at 1096 n.4 (recommending that counsel keep contemporaneous time records to "facilitate accurate calculation of the lodestar"). Particularly in this case, where Plaintiff's fee requests are substantial and its counsel's description of the work performed is rather vague, detailed billing records would have supported a more accurate lodestar calculation.

- Unnecessary tasks and tasks for which excessive time was spent, such as on basic research or simple tasks, e.g., nearly $3,000.00 billed during December 2006 for granting extensions of time to answer the Complaint and then to review the Answer [Ho Decl. ¶ 27];
- Unsuccessful work during the litigation, including the unsuccessful attempt to obtain a pretrial writ of attachment and other failed pretrial motions in this case, [see, e.g., Ho Decl. ¶¶ 29-32 (describing attempts to obtain writ of attachment)];
- Excessive staffing on the case, e.g., more than a single lawyer attending routine court hearings;
- Work on a motion for summary judgment that was not filed, and on an opposition to Defendant's motion for summary judgment, which was stricken [see, e.g., Ho Decl. ¶ 35];
- Excessive time spent on trial preparation, particularly on copying and organizing documents which were unnecessary, inadmissible, or never used during trial.

The Court has deleted such fees and all others it deems unnecessary, duplicative or excessive.

///

8

Having done so, it finds the appropriate fees in this case for each billing professional are as follows:

| Kathrin Wanner | | | |
|---|---|---|---|
| **Month(s)** | **Hours requested** | **Hours allowed** | **Fee allowed** |
| Jan. 2007 | 5.9 | 2 | $    800.00 |
| Feb. 2007 | 1.9 | 1.9 | $    760.00 |
| Mar. 2007 | 0.7 | 0.7 | $    280.00 |
| Apr. 2007 | 6.8 | 3.0 | $  1,200.00 |
| May 2007 | 6.3 | 4.0 | $  1,600.00 |
| June 2007 | 2.2 | 2.2 | $    880.00 |
| July/Aug. 2007 | 21.2 | 5.0 | $  2,000.00 |
| Sept. 2007 | 77.9 | 15.0 | $  6,000.00 |
| Oct. 2007 | 57.8 | 25.0 | $ 10,000.00 |
| Nov. 2007 | 139.0 | 40.0 | $ 16,000.00 |
| Dec. 2007 | 156.5 | 70.0 | $ 28,000.00 |
| Jan. 2008 | 200.5 | 50.0 | $ 20,000.00 |
| Feb. 2008 | 2.5 | 0.0 | $        0.00 |
| Mar. 2008 | 13.0 | 0.0 | $        0.00 |
| | | **Total fee**: | $ 87,520.00 |

| Yi-Chin Ho | | | |
|---|---|---|---|
| **Month(s)** | **Hours requested** | **Hours allowed** | **Fee allowed** |
| Oct./Nov. 2006 | 24.8 | 5.0 | $  1,750.00 |
| Dec. 2006 | 6.2 | 1.5 | $    525.00 |
| Jan. 2007 | 17.4 | 3 | $  1,050.00 |
| Feb. 2007 | 24.7 | 2.0 | $    700.00 |
| Mar. 2007 | 19.1 | 3.0 | $  1,050.00 |
| Apr. 2007 | 57.0 | 15.0 | $  5,250.00 |
| May 2007 | 37.0 | 10.0 | $  3,500.00 |

9

| Yi-Chin Ho | | | |
|---|---:|---:|---:|
| June 2007 | 46.4 | 15.0 | $ 5,250.00 |
| July/Aug. 2007 | 264.0 | 200.0 | $ 70,000.00 |
| Sept. 2007 | 158.6 | 120.0 | $ 42,000.00 |
| Oct. 2007 | 92.1 | 40.0 | $ 14,000.00 |
| Nov. 2007 | 191.4 | 100.0 | $ 35,000.00 |
| Dec. 2007 | 169.7 | 120.0 | $ 42,000.00 |
| Jan. 2008 | 290.7 | 120.0 | $ 42,000.00 |
| Feb. 2008 | 2.9 | 0.0 | $ 0.00 |
| Mar. 2008 | 29.5 | 5.0 | $ 1,750.00 |
| | | **Total Fee:** | $265,825.00 |

| Stephen Neal | | | |
|---|---:|---:|---:|
| **Month(s)** | **Hours requested** | **Hours allowed** | **Fee allowed** |
| Sept. 2006 | 20.2 | 10.0 | $ 4,000.00 |
| Oct./Nov. 2006 | 18.1 | 10.0 | $ 4,000.00 |
| Dec. 2006 | 0.4 | 0.4 | $ 160.00 |
| Jan. 2007 | 7.0 | 3.0 | $ 1,200.00 |
| | | **Total Fee:** | $ 9,360.00 |

| Michael White | | | |
|---|---:|---:|---:|
| **Month(s)** | **Hours requested** | **Hours allowed** | **Fee allowed** |
| Sept. 2006 | 30.1 | 10.0 | $ 2,750.00 |
| Oct./Nov. 2006 | 97.6 | 20.0 | $ 5,500.00 |
| Jan. 2007 | 6.6 | 1.0 | $ 275.00 |
| Feb. 2007 | 6.7 | 1.0 | $ 275.00 |
| Apr. 2007 | 0.5 | 0.5 | $ 137.50 |
| May 2007 | 3.0 | 0.0 | $ 0.00 |
| June 2007 | 2.1 | 0.0 | $ 0.00 |
| July/Aug. 2007 | 101.7 | 40.0 | $ 11,000.00 |

| Michael White | | | |
|---|---:|---:|---:|
| Sept. 2007 | 65.6 | 30.0 | $ 8,250.00 |
| Oct. 2007 | 67.8 | 40.0 | $ 11,000.00 |
| Nov. 2007 | 115.2 | 0.0 | $ 0.00 |
| Dec. 2007 | 14.1 | 0.0 | $ 0.00 |
| Jan. 2008 | 14.4 | 0.0 | $ 0.00 |
| | | Total Fee: | $ 39,187.50 |

| Sheryl Marshall | | | |
|---|---:|---:|---:|
| Month(s) | Hours requested | Hours allowed | Fee allowed |
| Oct./Nov. 2006 | 36.5 | 10 | $ 1,700.00 |
| Sept. 2007 | 47.7 | 0.0 | $ 0.00 |
| Oct. 2007 | 7.9 | 0.0 | $ 0.00 |
| Nov. 2007 | 13.7 | 13.7 | $ 2,329.00 |
| | | Total Fee: | $ 4,029.00 |

| Oscar Velasquez | | | |
|---|---:|---:|---:|
| Month | Hours requested | Hours allowed | Fee allowed |
| June 2007 | 7.0 | 7.0 | $ 770.00 |
| Sept. 2007 | 63.4 | 20.0 | $ 2,200.00 |
| Oct. 2007 | 87.1 | 30.0 | $ 3,300.00 |
| Nov. 2007 | 117.8 | 50.0 | $ 5,500.00 |
| Dec. 2007 | 57.5 | 57.5 | $ 6,325.00 |
| Jan. 2008 | 3.9 | 3.9 | $ 429.00 |
| | | Total Fee: | $ 18,524.00 |

| Erin Witkow | | | |
|---|---:|---:|---:|
| Month | Hours requested | Hours allowed | Fee allowed |
| Oct. 2007 | 23.8 | 0.0 | $ 0.00 |

| Erin Witkow | | | | |
|---|---|---|---|---|
| Nov. 2007 | 48.5 | 0.0 | $ | 0.00 |
| Dec. 2007 | 51.3 | 0.0 | $ | 0.00 |
| Jan. 2008 | 18.4 | 0.0 | $ | 0.00 |
| | | **Total Fee:** | $ | 0.00 |

| Diana Kwok | | | |
|---|---|---|---|
| **Month** | **Hours requested** | **Hours allowed** | **Fee allowed** |
| Nov. 2007 | 33.4 | 0.0 | $ 0.00 |
| Dec. 2007 | 63.6 | 0.0 | $ 0.00 |
| Jan. 2008 | 45.4 | 0.0 | $ 0.00 |
| | | **Total Fee:** | $ 0.00 |

**3.  Total fees awarded**

Accordingly, the Court awards Plaintiff the following fees:

- Kathrin Wanner:      $  87,520.00
- Yi-Chin Ho:          $ 265,825.00
- Stephen Neal:        $   9,360.00
- Michael White:       $  39,187.50
- Sheryl Marshall:     $   4,029.00
- Oscar Velasquez:     $  18,524.00
- **Total fees:**      **$ 424,445.50**

///

///

///

**B.   Costs**

Finally, Plaintiff's Motion seeks certain litigation costs above what it may recover in its Bill of Costs submitted pursuant to Local Rule 54-3.  [Mot. at 17-18.]

The taxation of costs is governed by federal procedural law under Rule 54(d) of the Federal Rules of Civil Procedure.  <u>In re Merrill Lynch Relocation Management, Inc.</u>, 812 F.2d 1116, 1120 n.2 (1987).  Costs that may be awarded are set forth in 28 U.S.C. section 1920, and the procedure for requesting such costs is set forth in Local Rule 54-3.

To the extent that Plaintiff seeks additional litigation expenses pursuant to the provision in the Sponsorship Agreement allowing for "reasonable ... costs and expenses in addition to any other relief to which such prevailing party may be entitled," [Trial Ex. 26, § 6.17], Plaintiff was required to plead and prove such expenses at trial.  <u>Carwash of America-PO LLC v. Windswept Ventures No. I</u>, 97 Cal. App. 4th 540, 544 (2002) (where prevailing party seeks recovery of costs not allowed by statute, such expenses "must be pleaded and proven at trial rather than submitted in a cost bill").

///

///

13

Accordingly, the Court denies Plaintiff's request for litigation expenses other than those taxed as costs under Rule 54(d) and Local Rules 54-3 and 54-4.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Award of Attorneys' Fees and Expenses.  Plaintiff is awarded $424,445.50 in attorneys' fees.

Dated: June 5, 2008

VIRGINIA A. PHILLIPS
United States District Judge